13 CV 1236

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Dennis Scarinci

_____

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

Related Companies
Stephen Ross, et al (see attachments)

_____

*(In the space above enter the full name(s) of the defendant(s).*
*If you cannot fit the names of all of the defendants in the space*
*provided, please write "see attached" in the space above and*
*attach an additional sheet of paper with the full list of names.*
*Typically, the company or organization named in your charge*
*to the Equal Employment Opportunity Commission should be*
*named as a defendant.  Addresses should not be included here.)*

**COMPLAINT
FOR EMPLOYMENT
DISCRIMINATION**

Jury Trial:  ☑ Yes   ☐ No

*(check one)*

This action is brought for discrimination in employment pursuant to: *(check only those that apply)*

✓    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e
     to 2000e-17 (race, color, gender, religion, national origin).
     ***NOTE:*** *In order to bring suit in federal district court under Title VII, you must first obtain a*
     *Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

✓    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§
     621 - 634.
     ***NOTE:*** *In order to bring suit in federal district court under the Age Discrimination in*
     *Employment Act, you must first file a charge with the Equal Employment Opportunity*
     *Commission.*

✓    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 -
     12117.
     ***NOTE:*** *In order to bring suit in federal district court under the Americans with Disabilities Act,*
     *you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity*
     *Commission.*

✓    New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297  (age,
     race, creed, color, national origin, sexual orientation, military status, sex,
     disability, predisposing genetic chacteristics, marital status).

✓    New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to
     131 (actual or perceived age, race, creed, color, national origin, gender,
     disability, marital status, partnership status, sexual orientation, alienage,
     citizenship status).

*Rev. 05/2010*                                    1

## I.      Parties in this complaint:

A.      List your name, address and telephone number.  Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff       Name _____Dennis SCARINCI_____

Street Address _____21 Harold St_____

County, City _____Nanuet , Rockland County_____

State & Zip Code _____New York  10954_____

Telephone Number _____(845) 735-8114_____

B.      List all defendants' names and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant       Name _____Related Companies * see attachment (A)_____ for additional defendants

Street Address _____60 Columbus Circle_____

County, City _____New York, N.Y. 10023_____

State & Zip Code _____New York  10023_____

Telephone Number _____(212) 801-1000_____

C.      The address at which I sought employment or was employed by the defendant(s) is:

Employer _____Related Management Company, L.P._____

Street Address _____140 Route 9w_____

County, City _____Haverstraw, Rockland County_____

State & Zip Code _____New York, 10927_____

Telephone Number _____(845) 947-5444_____

## II.      Statement of Claim:

State as briefly as possible the facts of your case, including relevant dates and events.  Describe how you were discriminated against.  If you are pursuing claims under other federal or state statutes, you should include facts to support those claims.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A. The discriminatory conduct of which I complain in this action includes: *(check only those that apply)*

_____✓_____        Failure to hire me.

_____✓_____        Termination of my employment.

_____✓_____        Failure to promote me.

_____✓_____        Failure to accommodate my disability.

_____✓_____        Unequal terms and conditions of my employment.

*Rev. 05/2010*                    2

✓  Retaliation.  *Numerous ADA violations including FMLA,*

✓  Other acts *(specify)*:  *hostle and degrading work environment, etc.*

*Note:  Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.*

B.  It is my best recollection that the alleged discriminatory acts occurred on: *December 2006*.
   *Date(s)*

C.  I believe that defendant(s) *(check one)*:

✓  is still committing these acts against me.

_____  is not still committing these acts against me.

D.  Defendant(s) discriminated against me based on my *(check only those that apply and explain)*:

☐ race _____  ☐ color _____

☑ gender/sex _____  ☐ religion _____

☐ national origin _____

☑ age.  My date of birth is *2/2/1954* *(Give your date of birth only if you are asserting a claim of age discrimination.)*

☑ disability or perceived disability, *disabled w/my with terminal cancer* *(specify)*

E.  The facts of my case are as follow *(attach additional sheets as necessary)*:

*In summary, after almost 17 years of exemplary employment, immediately upon being diagnosed with advanced cancer the defendant(s) began a calculated, conspiratory reign of discrimination against me specifically given my age, disabilities and terminal disease (see copy of my charge filed with EEOC attached). Additionally and most recently they have continued the same illegal practices by intentionally and purposely changing my LTD*

*Note:  As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights or the New York City Commission on Human Rights.*

*coverage date in order to deny me coverage although I have both written and recorded documentation to the absolute contrary.*

## III.  Exhaustion of Federal Administrative Remedies:

A.  It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding defendant's alleged discriminatory conduct on: *July 26, 2012* *(Date)*.

*Rev. 05/2010*                3

B.     The Equal Employment Opportunity Commission *(check one)*:

_____     has not issued a Notice of Right to Sue letter.

___✓___     issued a Notice of Right to Sue letter, which I received on _11/03/12_ *(Date)*.

*Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.*

C.     Only litigants alleging age discrimination must answer this Question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*:

___✓___     60 days or more have elapsed.

_____     less than 60 days have elapsed.

## IV.   Relief:

**WHEREFORE**, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs, as follows:   Any and all fines appropriate for

the multiple offenses, any/all criminal charges for conspiracy/

collusion, additional EEOC investigations and oversight, (cont'd)

*(Describe relief sought, including amount of damages, if any, and the basis for such relief.)*

public admission/acknowledgment, staff dismissals as the court sees appropriate and $1,000,000,000 (one billion dollars) in compensatory

**I declare under penalty of perjury that the foregoing is true and correct.**   and punitive damages for

their recklessness, cruel, conspiratory actions and behavior against

Signed this _12_ day of _February_, 20_13_.

Signature of Plaintiff   _Dennis Gianni_

Address   _21 Harold St._

_Nanuet, N.Y. 10954_

a disabled and dying man over the age of 50.

Telephone Number   _(845) 735-8114_

Fax Number *(if you have one)*   _____

⊗ The vast majority of this reward/proceeds will go directly to children's charities e.g. St. Jude's and Make a Wish, etc.

Attachment A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Part I.3. continued ( defendants )
(all located at address noted above)

1. Jett T. Blau

2. Michael J. Brenner

3. Michael H. Orbison

4. Vichi Hobson

5. Susan S. McGuire

6. Tim Gamache

7. Jett Brodsky

8. Sherry Scurfield

EEOC Form 161 (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: **Dennis Scarinci**
 **21 Harold Street**
 **Nanuet, NY 10954**

From: **New York District Office**
 **33 Whitehall Street**
 **5th Floor**
 **New York, NY 10004**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2012-03084** | **Jeanette P. Wooten,** **Investigator** | **(212) 336-3753** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☒ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

**Kevin J. Berry,**
**District Director**          10/24/12
*(Date Mailed)*

Enclosures(s)

cc:  **Attn**
 **Director of Human Resources**
 **RELATED COMPANIES (CORPORATE OFFICE)**
 **60 Columbus Circle**
 **New York, NY 10023**

July 26, 2012

EEOC
33 Whitehall St., 5th Floor
New York, N.Y. 10004

RE: Discrimination Charge

To whom it may concern:

Per the attached, I am hereby filing a discrimination charge against my previous employer. I respectfully request that it be duly noted and recorded that their discriminatory practices, actions, harassment, etc. towards me have been long standing, ongoing and continuous and current as further evidenced by their most recent correspondence, "Exhibit A" attached, dated July 23rd, 2012, whereby they are purposely denying me a long term disability claim/benefit which I am clearly entitled to based on both information previously provided to me by them as well validation from the Social Security Administration.

I further attest to the fact that my rights under EEOC, ADA, FMLA, etc. were and are still all being violated intentionally, systematically, systemically and in a conspiratorial manner as a direct result of my illness, age and disabilities and that I was constantly subjected to an extremely hostile, discriminatory work environment that "NO ONE" with the appropriate power and authority within the entire company made any necessary, required, fiduciary attempts to assure my rights and protections under the laws despite my persistent pleas for assistance. Rather, the discrimination, harassment, hostile work environment, etc. was allowed to continue to perpetuate causing me further irrevocable physical and mental anguish that ultimately culminated in my forced departure under extreme duress.

It further needs to be noted and addressed that this large company's corporate mentality and underlying philosophy of "TOO BIG TO NAIL" must be addressed and punished to the fullest extent of the laws!

In closing, I have numerous documents, correspondence, co-employee statements, etc. to further substantiate my claims and charges.

Thank you in advance for your attention to this matter.

Sincerely,


Dennis Scarinci
21 Harold St.
Nanuet, N.Y. 10954
(845) 735-8114
Email: disneyokw5@aol.com

**From:** disneyokw5 <disneyokw5@aol.com>
**To:** vhobson <vhobson@related.com>
**Cc:** smcquire <smcquire@related.com>
**Subject:** Fwd: Re: Long Term Disability
**Date:** Wed, 25 Jul 2012 3:28 pm

*"Exhibit A"*
*See page 2 for most recent*
*discriminatory changes as well*
*as entire exhibit*

---

Vicki,
I'm just touching base as I haven't heard back from you?
Do you need a copy of my correspondence from HR back in 2007 confirming my LTD coverage through
10/31/2007?
Maybe this is one of the documents that Mr. Orbison alleges to be Related property and demanded return?
Would you also like a copy of my SSDI "award letter" substantiating my being disabled effective 10/2007?
Would you also like a list of all of my doctors (illnesses, disabilities, medications, etc., etc.) as well as their
contact information that led to SSA's unequivocal approval of my long term disability, effective October 2007?
Maybe Related would like to deny and/or dispute me this right as well?
Sincerely,
Dennis Scarinci


-----Original Message-----
From: disneyokw5 <disneyokw5@aol.com>
To: VHobson <VHobson@Related.com>
Cc: smcguire <smcguire@related.co>
Sent: Tue, Jul 24, 2012 1:01 am
Subject: Re: Long Term Disability


Vicki,
I did in fact go out for on FMLA due to my illnesses/disabilities for a number of times from approximately
October 2006 through October 2007 including a period of time of at least 5 straight weeks during the
winter/spring of 2007.
According to the Social Security Administration's extremely strict and stringent standards, criteria,
requirements, documentation and verification I was officially designated as disabled (via award letter) by the
Social Security Administration in October 2007, while still covered under Related's Plan.
I have documentation from Related (as I would hope HR also maintained) confirming that my long term
disability coverage was still in effect at the same time that SSA deemed me to be disabled.
So, if in fact (which I can validate via my award letter from SSA) I was disabled while still employed and
covered under Related's plan (which I can also validate based on HR correspondence at the time) filling for
private conversion would be both immaterial and moot points. Bottomline, my disability occurred while I was
still employed and covered by Related unless you would like to try to contradict both Related's correspondence
and validation regarding my coverage at the time as well as the Social Security Administration's determination
as to when I became disabled!
Believe me, I am not trying to be argumentative with you, I am just stating the facts.
Please let me know if you require any additional information.
Sincerely,
Dennis
p.s. Susan, I am copying you on my correspondence as you are the SVP with the Related Companies and
although I am relatively sure that my circumstances were not shared with you at the time maybe they should
have been in order to assure that appropriate and necessary checks and balances were and are in place in the
future. The true irony and proof of discrimination in my case ( in addition to the constant hostile work
environment that I was subjected to) is that I was placed on probation while battling a life threatening illness
and in between receiving an excellent annual performance review and receiving a quantifiable, performance
based, exemplary year end bonus.

-----Original Message-----
From: Hobson, Vicki <VHobson@Related.com>
To: 'disneyokw5@aol.com' <disneyokw5@aol.com>
Cc: McGuire, Susan <SMcGuire@Related.com>
Sent: Mon, Jul 23, 2012 7:21 pm
Subject: Long Term Disability

Dennis:

While it is noted in our records that you did go out under Short Term Disability for different periods of time
between October 2006 and June 2007, you returned to work with clearance from your physician with no
restrictions on June 6, 2007. At the time of your separation from Related Management in October 2007, you
were not actively out on disability and as such, would have had to file formally for the conversion of your Long
Term Disability within the 31 days following your last date of employment with Related Management. It
would not have automatically converted.

In looking through your file, we do not have any record of you submitting those documents to us requesting the
conversion to a private plan directly between you and Aetna. Again as I previously had stated, as the 31 day
time frame for that submission was not met, at this point in time, you would not be considered eligible for
consideration for conversion.

Regards,

*Vicki*

Vicki A. Hobson, SPHR | Vice President, Human Resources |**RELATED**
423 West 55th Street, 10th Floor NY, NY 10019 | Phone 212-506-5837 |Fax 212-702-9895

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## INTAKE QUESTIONNAIRE

Please immediately complete this entire form and return it to the U.S. Equal Employment Opportunity Commission ("EEOC"). **REMEMBER**, a charge of employment discrimination must be filed within the time limits imposed by law, within 180 days or in some places within 300 days of the alleged discrimination. When we receive this form, we will review it to determine EEOC coverage. Answer all questions completely, and attach additional pages if needed to complete your responses. If you do not know the answer to a question, answer by stating "not known." If a question is not applicable, write "N/A." (PLEASE PRINT)

**1. Personal Information**

Last Name: **Scarinci**    First Name: **Dennis**    MI: **J.**

Street or Mailing Address: **21 Harold St.**    Apt or Unit #: _____

City: **Nanuet**    County: **Rockland**    State: **N.Y.**    Zip: **10954**

Phone Numbers: Home: (**845**) **735-8114**    Work: ( ) _____

Cell: ( ) _____    Email Address: **disneyorus5@aol.com**

Date of Birth: **2/2/1954**    Sex: ☒ Male ☐ Female    Do You Have a Disability? ☒ Yes ☐ No

**Please answer each of the next three questions.**    i. Are you Hispanic or Latino? ☐ Yes ☒ No

ii. What is your Race?  Please choose all that apply. ☐ American Indian or Alaskan Native    ☐ Asian    ☒ White
☐ Black or African American    ☐ Native Hawaiian or Other Pacific Islander

iii. What is your National Origin (country of origin or ancestry)? **Italian**

**Please Provide The Name Of A Person We Can Contact If We Are Unable To Reach You:**

Name: **Antoinette Scarinci**    Relationship: **Spouse**

Address: **21 Harold St.**    City: **Nanuet**    State: **N.Y.** Zip Code: **10954**

Home Phone: (**845**) **735-8114**    Other Phone: (**845**) **641-1674**

**2. I believe that I was discriminated against by the following organization(s):** (Check those that apply)

☒ Employer   ☐ Union   ☐ Employment Agency   ☐ Other (Please Specify) _____

**Organization Contact Information** (If the organization is an employer, provide the address where you actually worked. If you work from home, check here ☐ and provide the address of the office to which you reported.) **If more than one employer is involved, attach additional sheets.**

Organization Name: **Related Companies (Corporate Office)**

Address: **60 Columbus Circle**    County: **New York**

City: **New York**    State: **N.Y.** Zip: **10023**    Phone: (**212**) **801-1000**

Type of Business: **Real Estate**    Job Location if different from Org. Address: _____

Human Resources Director or Owner Name: **Stephen Ross**    Phone: (**212**) **801-1000**

Number of Employees in the Organization at All Locations: Please Check (✓) One
☐ Fewer Than 15   ☐ 15 – 100   ☐ 101 – 200   ☐ 201 – 500   ☒ More than 500

**3. Your Employment Data** (Complete as many items as you are able.) Are you a federal employee? ☐ Yes ☒ No

Date Hired: **2/1990**    Job Title At Hire: **Asst Reg'l VP**

Pay Rate When Hired: **$45,000 (est)**    Last or Current Pay Rate: **$130,000 (est)**

Job Title at Time of Alleged Discrimination: **Regional VP**    Date Quit/Discharged: **10/2007**

Name and Title of Immediate Supervisor: **Tim Gamache**

If Job Applicant, Date You Applied for Job _____    Job Title Applied For _____

1

**4. What is the reason (basis) for your claim of employment discrimination?**

*FOR EXAMPLE, if you feel that you were treated worse than someone else because of race, you should check the box next to Race. If you feel you were treated worse for several reasons, such as your sex, religion and national origin, you should check all that apply. If you complained about discrimination, participated in someone else's complaint, or filed a charge of discrimination, and a negative action was threatened or taken, you should check the box next to Retaliation.*

☐ Race  ☐ Sex  ☑ Age  ☐ Disability  ☐ National Origin  ☐ Religion  ☑ Retaliation  ☐ Pregnancy  ☐ Color (typically a difference in skin shade within the same race)  ☐ Genetic Information: circle which type(s) of genetic information is involved: i. genetic testing    ii. family medical history '  iii. genetic services (genetic services means counseling, education or testing)

If you checked color, religion or national origin, please specify: _____

If you checked genetic information, how did the employer obtain the genetic information? _____

_____

Other reason (basis) for discrimination (Explain): _____

**5. What happened to you that you believe was discriminatory?  Include the date(s) of harm, the action(s), and the name(s) and title(s) of the person(s) who you believe discriminated against you.  Please attach additional pages if needed.**
*(Example: 10/02/06 – Discharged by Mr. John Soto, Production Supervisor)*

A. Date: Beginning 12/2006 Action: Created ongoing hostile work environment, ridiculed me for my disease, minimized any/all personal contact with me after 10 years, * commenced a campaign of constant ridicule and abuse of power (cont'd attached)
Name and Title of Person(s) Responsible  Sefa Brodsky - President

B. Date: Approx 2/2007 Action: Dismissed my requests for intervention as EEO Officer, denied several requests for reasonable accommodation, etc.
Name and Title of Person(s) Responsible  Sherry Scurfield - VP

**6. Why do you believe these actions were discriminatory? Please attach additional pages if needed.**
I strongly believe they are self evident, e.g. once I became ill I was treated very differently and even placed on probation in the middle of receiving a good annual review and an exemplary year end bonus.

**7. What reason(s) were given to you for the acts you consider discriminatory?  By whom?  His or Her Job Title?**
None! Sefa Brodsky - President, Sherry Scurfield - VP, Tim Gomache - VP, Vicki Hobson - VP, Susan McQuire SVP, etc.

**8. Describe who was in the same or similar situation as you and how they were treated.  For example, who else applied for the same job you did, who else had the same attendance record, or who else had the same performance?  Provide the race, sex, age, national origin, religion, or disability of these individuals, if known, and if it relates to your claim of discrimination.  For example, if your complaint alleges race discrimination, provide the race of each person; if it alleges sex discrimination, provide the sex of each person; and so on.  Use additional sheets if needed.**   note: poss they actually had poor performance as well as direct responsibility for this matter.

Of the persons in the same or similar situation as you, who was treated *better* than you?

| Full Name | Race, Sex, Age, National Origin, Religion or Disability | Job Title | Description of Treatment |
|---|---|---|---|
| A. Charlotte Rossi | Hispanic, 60+, Female | District MgR | N/A * |
| B. Peter Hogle | Male | Engineer | N/A * |

* As one example of my being discriminated against, while I was out on FMLA, mr Hogle mistakenly overlooked the design and installation of a (water?) meter and ms. Rossi also failed to recognize and address the matter. From almost immediately upon my return I was constantly singled out to identify and resolve the problem while the other two (2) individuals responsible were not held to any accountability.

2

**Of the persons in the same or similar situation as you, who was treated *worse* than you?**

| Full Name | Race, Sex, Age, National Origin, Religion or Disability | Job Title | Description of Treatment |
|---|---|---|---|

A. _N/A_

B. _N/A_

**Of the persons in the same or similar situation as you, who was treated the *same* as you?**

| Full Name | Race, Sex, Age, National Origin, Religion or Disability | Job Title | Description of Treatment |
|---|---|---|---|

A. _N/A_

B. _N/A_

**Answer questions 9-12 only if you are claiming discrimination based on disability. If not, skip to question 13. Please tell us if you have more than one disability. Please add additional pages if needed.**

**9. Please check all that apply:**
- ☑ Yes, I have a disability
- ☐ I do not have a disability now but I did have one
- ☐ No disability but the organization treats me as if I am disabled

**10. What is the disability that you believe is the reason for the adverse action taken against you? Does this disability prevent or limit you from doing anything?** (e.g., lifting, sleeping, breathing, walking, caring for yourself, working, etc.).

Advanced cancer

Yes

**11. Do you use medications, medical equipment or anything else to lessen or eliminate the symptoms of your disability?**
☑ Yes ☐ No

If "Yes," what medication, medical equipment or other assistance do you use?

Treatments and medication list is lengthy and will be provided under separate cover as necessary

**12. Did you ask your employer for any changes or assistance to do your job because of your disability?**
☑ Yes ☐ No   Several times

If "Yes," when did you ask? In 2007   How did you ask (verbally or in writing)?   both

Who did you ask? (Provide full name and job title of person)

Jeff Brodsky, President, Jim Gamache, VP + Sherry Scurtied SVP

Describe the changes or assistance that you asked for: I requested interim leave for treatments, temporary reduction of newly added + distant work load as well as others to the best of my recollection

How did your employer respond to your request? Denied! Denied! Denied!

3

**13.  Are there any witnesses to the alleged discriminatory incidents?  If yes, please identify them below and tell us what they will say. (Please attach additional pages if needed to complete your response)**

| Full Name | Job Title | Address & Phone Number | What do you believe this person will tell us? |
|-----------|-----------|------------------------|-----------------------------------------------|
| A. Charlotte Rossi | District Mgr | N/A | I was discriminated against. |
| B. Shelly Sheehan | Property Mgr | N/A | I was discriminated against! |
| C. Others | various | N/A | I was discriminated against! |

*Note: I already have several voluntary statements on file to verify.

**14.  Have you filed a charge previously on this matter with the EEOC or another agency?  ☐ Yes  ☒ No**

**15.  If you filed a complaint with another agency, provide the name of agency and the date of filing:** _____

_____

**16.  Have you sought help about this situation from a union, an attorney, or any other source?  ☐ Yes  ☒ No**
Provide name of organization, name of person you spoke with and date of contact. Results, if any?

_____

_____

**Please check one of the boxes below to tell us what you would like us to do with the information you are providing on this questionnaire.  If you would like to file a charge of job discrimination, you must do so either within 180 days from the day you knew about the discrimination, or within 300 days from the day you knew about the discrimination if the employer is located in a place where a state or local government agency enforces laws similar to the EEOC's laws.  If you do not file a charge of discrimination within the time limits, you will lose your rights.  If you would like more information before filing a charge or you have concerns about EEOC's notifying the employer, union, or employment agency about your charge, you may wish to check Box 1.  If you want to file a charge, you should check Box 2.**

---

**BOX 1** ☐ I want to talk to an EEOC employee before deciding whether to file a charge.  I understand that by checking this box, I have not filed a charge with the EEOC.  I also understand that I could lose my rights if I do not file a charge in time.

---

**BOX 2** ☒ I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described above. I understand that the EEOC must give the employer, union, or employment agency that I accuse of discrimination information about the charge, including my name.  I also understand that the EEOC can only accept charges of job discrimination based on race, color, religion, sex, national origin, disability, age, genetic information, or retaliation for opposing discrimination.

---

_____ Signature

_____ 7/26/2012  Today's Date

PRIVACY ACT STATEMENT: This form is covered by the Privacy Act of 1974: Public Law 93-579. Authority for requesting personal data and the uses thereof are:

1) FORM NUMBER/TITLE/DATE. EEOC Intake Questionnaire (9/20/08). 2) AUTHORITY. 42 U.S.C. § 2000e-5(b), 29 U.S.C. § 211, 29 U.S.C. § 626. 42 U.S.C. 12117(a)

3) PRINCIPAL PURPOSE. The purpose of this questionnaire is to solicit information about claims of employment discrimination, determine whether the EEOC has jurisdiction over those claims, and provide charge filing counseling, as appropriate. Consistent with 29 CFR 1601.12(b) and 29 CFR 1626.8(c), this questionnaire may serve as a charge if it meets the elements of a charge.  4) ROUTINE USES.  EEOC may disclose information from this form to other state, local and federal agencies as appropriate or necessary to carry out the Commission's functions, or if EEOC becomes aware of a civil or criminal law violation. EEOC may also disclose information to respondents in litigation, to congressional offices in response to inquiries from parties to the charge, to disciplinary committees investigating complaints against attorneys representing the parties to the charge, or to federal agencies inquiring about hiring or security clearance matters.

5) WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION. Providing this information is voluntary but the failure to do so may hamper the investigation of a charge. It is not mandatory that this form be used to provide the requested information.

November 2009

5  A. (Continued) chastised (singling me out) me regularly, failed (purposely) to provide coverage for my responsibilities / work load while out on FMLA, increased my work load / properties by approximately 50% without normal and due compensation, etc., etc., etc., most of which can be validated / verified via email and/or mail correspondence as well as constant harassment. Also, replaced me with someone I believe to be under 40 and not disabled.

5  C. Date: 10/2008    Action: Failure to protect/assure and/or address my rights under EEOC

Name: Jeffe T Blau, President

D. Date: 10/2008    Action: Failure to protect / assure and/or address my rights under EEOC

Name: Stephen M. Ross, CEO

E. Date: 10/2008    Action: Failure to protect / assure and/or address my rights under EEOC
Name: Michael J. Brenner, CFO

F. Date: 10/2008 (as well as others)  Action: Failure to protect/assure and/or address my rights under EEOC
Name: Michael H. Orbison, General Council

G. Date: July 25, 2012    Action: Discrimination via denial of responsibility / coverage of long term disability (LTD) while still covered under Related's plan (see attached email, EXHIBIT A)

Name: Vicki Hobson, Vice President Human Resources
(cont'd)

F. Date : July 25, 2012        Action: Discrimination

Via denial of responsibility / coverage of long

term disability (LTD) while still covered

under Related's plan ( see attached email, EXHIBIT A)

NAME: Susan J. McGuire, SVP Related Companies

September 27th, 2012

EEOC
33 Whitehall St., 5th Floor
New York, N. Y. 10004

RE: Discrimination Charge – Additional Information

To whom it may concern:

As a follow up/addendum to my original charge dated, July 26th, 2012 to which I have yet to be assigned a claim number I would also like to provide you the additional correspondence attached to further substantiate my charge "beyond a shadow of a doubt".

As you will note as per the correspondence that I received from my human resource department dated November 5th, 2007 and identified as "Exhibit B" my long term disability (LTD) coverage termination date was clearly verified and validated as October 31, 2007 and not October 5th, 2007 as stated by the Related Companies "Exhibit C" on page 2, in their most recent and last correspondence to me on July 30, 2012.

This just further validates my claim of their ongoing and purposeful discrimination, harassment, retaliation, etc. on their part clearly directed towards a person over 50 and disabled.

As I mentioned in my earlier correspondence, I have numerous other evidence of same in my possession.

Additionally, please note that this is a mult-billion dollar company that has vast financial, legal and consulatory resources at its disposal and will do every and anything in its power to dispute and/or slight this charge as well as your efforts to investigate and assure that my rights are protected and that they are held accountable for their actions.

When I stated in my earlier correspondence that they believe that they are "TOO BIG TO NAIL" that is not an exaggeration, that comes from my having worked there for 17 years and knowing their mind set, power, influence, philosophies and unimaginable financial resources to defend against any agency, case, let alone individual.

I am just trying to provide you with some preview and insight into what we are going up against but given these most recent discriminatory and retaliatory actions, I/we needed to draw a line in the sand.

Sincerely,

Dennis Scarinci
21 Harold St.
Nanuet, N.Y. 10954
(845)735-8114

**From:** Godinez-Starks, Mary Ann <MGodinez-Starks@Related.com>
**To:** disneyokw5@aol.com
**Subject:** RE: Spectera,Life Insur. and LTD
**Date:** Mon, 5 Nov 2007 1:46 pm

Hi Dennis,

I updated your Cobra election with Empire. Their system should be updated within 24 hours. In regards to any out of pocket costs you may have incurred this weekend, please submit your claim to Empire for reimbursement.

As for LTD, you may convert coverage to an individual policy by contacting Aetna Life Insurance Company within 31 days of the termination of the coverage. Please call Aetna at 888-786-2688. Your coverage termination date was October 31, 2007.

Thank you.
MaryAnn

> **From:** disneyokw5@aol.com [mailto:disneyokw5@aol.com]
> **Sent:** Monday, November 05, 2007 11:07 AM
> **To:** HR-Workplace Solutions; Francis, Camille; Sottile, Judy
> **Subject:** Fwd: Spectera,Life Insur. and LTD
>
> Could someone please get back to me (regarding below)at your earliest convenience either via email or phone. I should be home most of the day today and can be reached at 845-735-8114 or emiled at the above address. I understand that both Camille and Judy are out until the 7th and 8th,respectively.
> Additionally, my wife tried to fill a presscription this past weekend and was told by our local CVS that we no longer had insurance coverage. We submitted payment to ADP for Cobra continuation on 10/19.
> Thanks, dennis
>
>
> -----Original Message-----
> From: disneyokw5@aol.com
> To: mgodinez@related.com; cfrancis@related.com
> Sent: Fri, 2 Nov 2007 4:46 pm
> Subject: Fwd: Spectera,Life Insur. and LTD
>
> My wife just tried to call Judy re:Spectra and her VM indicated that was out until 11/8. Could someone pls get back to us today at least about Spectra if at all possible as my daughter is unexpectedly home from school over the weekend and needs new glasses. My other questions can wait until next week.
> Thanks all!
> Regards, dennis
>
>
> -----Original Message-----
> From: disneyokw5@aol.com
> To: jsottile@related.com
> Sent: Fri, 2 Nov 2007 1:58 pm
> Subject: Spectera,Life Insur. and LTD

**From:** disneyokw5 <disneyokw5@aol.com>
**To:** disneyokw5 <disneyokw5@aol.com>
**Date:** Thu, 9 Aug 2012 12:08 pm

*[handwritten: EXHIBIT C]*

*[handwritten: C see pg 2 where employer is now claiming coverage ended on October 5, 2007)]*

And please remember/note that I do have correspondence from HR clearly stating that my LTD coverage was terminated on 10/31/2007 and not on my last day of employment (10/5/2007) otherwise I would have certainly converted the plan.

dennis

*[handwritten: Claiming that my coverage terminated on October 5, 2007 and not on October 31, 2007 as previously noted)]*

-----Original Message-----
From: disneyokw5 <disneyokw5@aol.com>
To: VHobson <VHobson@Related.com>
Cc: SMcGuire <SMcGuire@related.com>
Sent: Tue, Jul 31, 2012 8:56 am
Subject: RE: Re: Long Term Disability


Vicki,
The facts remain that for a good portion if not for the entirety of my approximate 17 years with Related I was covered for LTD up until and through October 31, 2007 when I was "formally" declared Long Term Disabled by the SSA. In factuality and actuality, the onset of my LTD began as early as a year earlier, October 2006 when I first was diagnosed and began treatments for a number of diseases, illnesses and disabilities that initiated both my short and subsequent Long Term Disabilities.
It is was not my responsibility if Related did not maintain accurate records as to how often and how long I was out of work due to both.
And although you may have one (1) of my physician's release to return to work upon the completion of that particular phase of one (1) particular treatment that doesn't mean or intend to mean that I wasn't still working through constant, ongoing excruciating pain and disabilities as I was also continuously being treated by a number of other physicians and medical professionals during and after the same period of time (and even through today)who can substantiate same. These treatments, side effects, etc. caused regular periods of additional short term disability and absences from work as well.
In essence, although I worked up until October 5, I already had enough disabilities to qualify me for LTD even prior to that date as clearly evidenced by my medical history.
Furthermore, my precipitous, disabled departure on October 5th was further exasperated and hastened as a direct result of the constant, ongoing, and escalating discriminatory and hostile actions of my supervisors.
Lastly, the fact that I am today still being treated for most (as well as new and additionally related ), if not all of the diseases and disabilities that I was initially treated for back in 2006 further substantiates my claim that I was already long term disabled well in advance of my departure on October 5, 2007.
For all intent and purposes when I left on October 5th, 2007, I left both due to LTD and the ever increasing hostile, discriminatory work environment that I was continuously subjected to. To remain any longer and/or take the time to file any type of additional short or LTD would have caused me only further, irreparable physical, emotional and psychological damage.
I will no longer tolerate this continuous and ongoing prejudice and discrimination that has been targeted personally and directly towards me as a person over 50 with long standing, well documented, multiple long term disabilities.
Sincerely,
Dennis Scarinci


-----Original Message-----
From: Hobson, Vicki <VHobson@Related.com>
To: 'disneyokw5@aol.com' <disneyokw5@aol.com>
Cc: McGuire, Susan <SMcGuire@Related.com>
Sent: Mon, Jul 30, 2012 8:04 pm
Subject: RE: Re: Long Term Disability


Dennis:

We do not disagree with you that as an RMC employee, you were covered under the Related Management 2007 Long Term  Disability plan with Aetna, however, you were not actively out on either a Short Term or  Long Term Disability leave at the time of your separation from Related.   Per your physician's release, you had been returned to work back in June, 2007 with no restrictions.

Upon your termination effective October 5, 2007, as per the plan's policy, you were then eligible to convert your previous company coverage over to a personal policy with Aetna, for which you would have assumed the cost of the premium directly with Aetna. Per our records, you were provided the forms necessary to convert to a personal policy in your post –employment package that was sent to you via FedEx from Human Resources on October 23, 2007.

As I previously have stated, we do not have any record of you submitting those documents back to us requesting the conversion to a private plan directly between you and Aetna, and as the 31 day time frame for that submission was not met, the opportunity for you to have voluntarily elected conversion to this coverage has passed.

Regards,

*Vicki*

Vicki A. Hobson, SPHR | Vice President, Human Resources |**RELATED**
423 West 55th Street, 10th Floor NY, NY 10019 | Phone 212-506-5837 |Fax 212-702-9895

---

**From:** disneyokw5@aol.com [mailto:disneyokw5@aol.com]
**Sent:** Wednesday, July 25, 2012 3:28 PM
**To:** Hobson, Vicki
**Cc:** smcguire@related.com
**Subject:** Fwd: Re: Long Term Disability

Vicki,
I'm just touching base as I haven't heard back from you?
Do you need a copy of my correspondence from HR back in 2007 confirming my LTD coverage through 10/31/2007?
Maybe this is one of the documents that Mr. Orbison alleges to be Related property and demanded return?
Would you also like a copy of my SSDI "award letter" substantiating my being disabled effective 10/2007?
Would you also like a list of all of my doctors (illnesses, disabilities, medications, etc., etc.) as well as their contact information that led to SSA's unequivocal approval of my long term disability, effective October 2007?
Maybe Related would like to deny and/or dispute me this right as well?
Sincerely,
Dennis Scarinci

-----Original

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
For General Information: (800) 669-4000
TTY: (800)-669-6820
District Office: (212) 336-3620
General Fax: (212) 336-3625

Kevin J. Berry
District Director
Phone: (212) 336-3742
Fax:    (212) 336-3621

December 18, 2012

Sent email 12/28/12

Mr. Dennis Scarinci
21 Harold Street
Nanuet, NY 10954

Dear Mr. Scarinci:

This is in response to your recent emails (attached) concerning the charge of employment discrimination filed with the Equal Employment Opportunity Commission (EEOC) against Related Companies (Corporate Office) (EEOC Charge Number 520-2008-03084).

We regret your continued dissatisfaction with our processing of the charge. The EEOC is only authorized to accept, investigate, and attempt to conciliate charges alleging such discrimination as long as they are filed with an EEOC office within 180 days of the alleged discriminatory act (300 days in jurisdictions, such as New York, that have a state or local agency with authority to grant relief).

Our review of the evidence in your charge, including the information you provided, failed to indicate that a violation had occurred. It was not likely that further investigation would yield evidence sufficient to change this conclusion. Therefore, your charge was dismissed because it was determined that no further action was warranted. The dismissal notice sent to you on October 24, 2012 described your right to pursue the matter further by filing a lawsuit in federal court within 90 days of your receipt of the dismissal notice.

You may want to contact the:
        U.S. Department of Labor
        Employee Benefits Security Administration
        New York Regional Office
        Jonathan Kay-Director
        33 Whitehall St, Ste 1200
        New York, NY 10004
        Tel 212-607-8600
        Fax 212-607-8681

If you have any additional concerns regarding the charge, you may contact Supervisory Investigator John Waldinger at 212-336-3776.

Sincerely,

Kevin J. Berry
District Director

Attachments - 2

>>> Dennis Scarinci <scarincidennis@yahoo.com> 12/14/2012 10:44 AM >>>

To whom it may concern (I am unsure as to who to contact as repeated calls to the NYC office and I'm relatively sure even my email below will go unanswered):

In a nutshell,I filed a charge against my previous employer this past July, 2012 based on their continuing and most recent acts of discrimination, harassment, etc. (which took place at the same time) at which point I inquired about pursuing long term disability benefits that I was and am entitled to. When I was forced to leave their employ in October 2007 after having an exemplary career there for 17 years due to continous discrimination, harassment and constantly being subjected to a hostile work environment only after both passing age 50 and being diagnosed with a life threatening illness, I was assured in writing and other indisputable means that I was not only entitled to long term disability coverage (I believe part of which I was paying for) but also that the company would ensure that I would receive it. There were no deadlines nor time constaints to be eligible and/or apply. My "forced" resignation was also contingent upon this agreement, acknowlegement and determination. Additionally, I was also deemed eligible and approved for SSA Disability Insurance at the time I left my employer.

From the time that I left my employer in October 2007 I did present a number of correspondences to their executives as well as legal counsel which were all ignored and given my extremely poor health, treatments, etc. I did not pursue a discrimination charge within the initial, required 180 or 300 days.

My question/request is that eventhough I have not worked there for sometime, as they are continuing to discriminate against and harass me (as recently as July 2012)by clearly and outrightly denying my right/eligibility for my company's LTD by now not only attempting to change the date of my eligibility but also purposely, intentionally and illegally retract/contradict (which I can substantiate without a shadow of a doubt) that I was entitled, eligible and assured LTD coverage.

Could someone please provide some guidance and/or direction.

Sincerely,

Dennis Scarinci


----- Forwarded Message -----
**From:** Dennis Scarinci <scarincidennis@yahoo.com>
**To:** "jeanette.wooten@eeoc.gov" <jeanette.wooten@eeoc.gov>
**Sent:** Wednesday, December 12, 2012 2:41 PM
**Subject:** Fw: EEOC Charge number 520-2012-03084

Dear Ms. Wooton,

Additionally, as this is not just a matter of continued discrimination due to age and disability it is also continued, ongoing and current harassment as well which furthers my case that the "guidelines" providing for the normal 180 or 300 deadline do not apply and that the clock resets at the time of the most recent discriminatory and harassment practices which were specifically July 30th, 2012 and therefore my charges are still timely and relevant

Thanking you,

Dennis Scarinci

----- Forwarded Message -----
**From:** Dennis Scarinci <scarincidennis@yahoo.com>
**To:** "jeanette.wooten@eeoc.gov" <jeanette.wooten@eeoc.gov>

**Sent:** Wednesday, December 12, 2012 1:17 PM
**Subject:** EEOC Charge number 520-2012-03084

Dear Ms. Wooten,

As per the 2 (two) voice mail messages that I left you today I am respectfully requesting a further explanation as to why my charge was closed "sighting" that it was not timely filed especially when I have provided continuous, ongoing proof of discrimination in the form of dated documents from my previous employer as recent as July 30th, 2012 whereby they are denying me my right to Long Term Disability coverage despite the fact that I have previous and absolute confirmation and documentation from them that I did have the aforemented coverage not only in place but was also eligible and entitled to it.

As they have maintained their discrimination practices towards me as recently as July 30, 2012, I respectfully request to know how and why the EEOC can claim that my charge was not filed timely especially given that my claim was filed within the same month of their most recent discriminatory acts.

I would appreciate an expeditious response as time is of the essence and also respectfully request further, escalated review within your department and with you legal council.

Sincerely,

Dennis Scarinci

To whom it may concern,
This is an addendum to my earlier email which might help further clarify my questions/concerns.
Sincerely,
Dennis Scarinci
----- Forwarded Message -----
**From:** Dennis Scarinci <scarincidennis@yahoo.com>
**To:** "info@eeoc.gov" <info@eeoc.gov>
**Sent:** Wednesday, December 12, 2012 4:15 PM
**Subject:** EEOC Charges and Deadlines

To whom it may concern;

I have been trying to obtain definitive EEOC clarification regarding filing deadlines. Unfortunately the NYC ( I live in Rockland County NY) office has been inaccessible for sometime and repeated calls to the national hot line number requires long waiting periods and after finally reaching someone today and after holding for approximately 45 minutes we were accidentally disconnected.

I will try to make my question as clear and simple as possible as communicating via email isn't ideal.

Here goes, I understand that there is a 180 and/or 300 day deadline to file a charge/complaint for discrimination and/or harassment against a current or past employer;

But, is there any kind of "statue of limitation" to file a charge? Specifically, assuming that an employer has discriminated/harassed you in the past which ultimately led to your being forced to leave the company and even if you did not file a charge at the time, if the employer continues to discriminate against you and/or harass you even after the 180 or 300 days have lapsed and you have no longer been employed there, does the clock (i.e. 180 or 300 day) deadline to file a charge commence ticking all over again from the time of the most recent discrimination/harassment?

I have checked your website and resources and have been unable to find any "statue of limitation" or answers.

Could you please refer this question to EEOC council if necessary and/or provide me with the specific location of the regulations that might address this matter?
Sincerely,
Dennis Scarinci

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
For General Information: (800) 669-4000
TTY: (800)-669-6820
District Office: (212) 336-3620
General Fax: (212) 336-3625

Kevin J. Berry
District Director
Phone: (212) 336-3742
Fax:    (212) 336-3621

January 4, 2012

Mr. Dennis Scarinci
21 Harold Street
Nanuet, NY 10954

Dear Mr. Scarinci:

This is in response to your December 20, 2012 email request for reconsideration of your Charge of Discrimination against Related Companies (Corporate Office) (EEOC Charge Number 520-20 12-03084).

We regret your dissatisfaction with the results of the processing of your charge. Please be assured that we have reviewed your case and the information you provided. This information, however, would not alter the final action taken on your charge.

EEOC is a neutral civil rights law enforcement agency. Our responsibility is to process the charges filed with us in a fair and objective manner to determine whether the laws we enforce have been violated. We understand that the parties to a charge often have firm views that the available evidence supports their respective positions. However, our final actions must comport with our interpretations of the relevant evidence and the laws we enforce.

In those situations where a charging party disagrees with our final action on a charge, they have a statutory right to pursue the matter in court. The final dismissal notice you received described your right to pursue the matter in court by filing a lawsuit within 90 days of your receipt of the October 24, 2012 dismissal notice. This 90-day period for filing a private lawsuit cannot be waived, extended, or restored by the EEOC.

Should you have any questions, you can contact Investigator Jeannette Wooten at (212) 336-3753.

Sincerely,

Kevin J. Berry
District Director

Attachments - 1

Re: Request for Reconsideration

Dear Mr. Berry,

After finally being able to speak to someone in the Washington Office of Field Programs and being made aware of your office situations I can better appreciate why no one from your office has been able to get back to me despite repeated calls and emails. I did want to let you know that I have been trying to contact someone/anyone for some time and even sent another email to Ms. Wooten as recently as yesterday but again to no avail. I subsequently reached out to the Inspector General's office who in turn referred me to the Office of Field Programs who in turn provided me your email address.

I am respectfully requesting a Request for Reconsideration of the dismissal of my charge submitted on July 26, 2012 and further substantiated with additional supporting documentation on September 27, 2012.

Please also note that although the Dismissal was dated 10/24/2012, the envelope was not even postmarked until November 15, 2012.

Just for the record and in summary (as I realize an initial 180 or 300 deadline to file has long lapsed) I had an exemplary 17 year record with my previous employer at least until the time that I passed 50 years old, was diagnosed with a life threatening disease and have subsequently been deemed disabled retroactively by the Social Security Administration at the time I was still employed by my employer.

Almost immediately upon being diagnosed with cancer in the fall of 2006 I was constantly subjected to an extremely hostile, abusive, subjective and discriminatory work environment for the subsequent 9 months until I was forced to chose my life or my job. I was actually treated as though I was contagious. My immediate supervisor for the prior 10 years suddenly chose to have little or no phone contact with me for those 9 months and also chose not to have any physical/face to face contact during that same period. This is all well documented, supported, verified, validated, witnessed and substantiated.

To add further insult to injury and although I was out on FMLA for a good amount of time I was able to more than maintain my exemplary performance and received a very good performance review in May of 2007 followed by a totally unannounced and unexpected and biased Letter of Probation in September 2007. It was clear to me via the purposefull avoidance and sudden and constant barage of discriminatory, hostile, harassing and misdirected/misguided and negative emails that he wanted to cut the cancer out. Given I was left no choice and the state of my health I was forced to leave in October 2007. What is even more ironic and a clear indication of the unwarranted discrimination, harassment and hostile work environment that I had been subjected to is that as part of my separation I would be given a year to date/pro rata bonus based purely on meeting specific, objective, quantifiable performance expectations. If I recall correctly if not exactly, I attained a 90-95% rating, nearly perfect!

Over the years, while fighting my disease I made numerous attempts with various executives as well as council at my previous employer to try and get some answers and justification as to how and why I was mistreated as I was, all to no avail. I also wanted to at least clear my record and name.

As recently as this past July, I suddenly recalled that I not only had a long term disability coverage plan with my previous employer but also that I had opted for and had paid for supplemental coverage as well. Please at least keep in mind and consider that I had more dire and life threatening concerns on my mind during this period.

While reviewing my files and recordings from both just before I left (as it was part of my separation agreement) and well as after I left I verified that I had both written confirmation and well as recorded documentation with my human resource department, including the department's Senior V.P. that I was covered for LTD through October 31,2007 let alone the minimal additional time that may have been required at that point to deem me eligible for LTD, be it only an additional week or two beyond my departure date of October 5, 2007. Again, I have this documented beyond a shadow of a doubt ! A copy of the email was submitted along with my charge and I can provide a copy of my discussion with the SVP upon request. Without these assurances, I would have, especially given my health, opted for a continuation of coverage through portability. The coverage was never in question nor doubt by either party and a timeframe/deadline to apply was never and has never been revealed, discussed, disclosed nor an issue and is especially not even noted nor mentioned in any of their correspondence.

No where are they questioning the timeliness of my request nor any time frames/deadlines to submit same.

What is of concern and question and the basis for my charges of ongoing and continuing discrimination, hostility, harassment etc. is that my previous employer is now (as recently as July 2012)wrongfully and illegally denying me LTD and/or the right and/or process to file for same, alleging that my coverage lapsed on my last day of employment which was October 5, 2007 and that I had to immediately opt to convert to a personal policy as of that day. This is grossly inaccurate, beyond a shadow of a doubt! And you can verify it by just comparing  their correspondence of November 5, 2007 (Exhibit B) vs what they are alleging as recently as July 23 and July 30, 2012 (Exhibits A and C respectfully) as all previously provided. It is an absolute, discriminatory, hostile and harassing contradiction. And again, I have an additional, undeniable and indisputable recording of my separation conversation with the Administrative SVP at the time (who is still there) that further validates my charges.

What is the impact to me? Again, first of all if my coverage did in fact lapse on October 5, 2007 as they now wrongfully claim I would have immediately opted for continuation of coverage especially given my declining health. Additionally, the difference between my coverage ending on October 5, 2007 vs. October 31, 2007 is the financial difference to me of receiving LTD benefits (partially which I believe I even contributed to at the time) vs. me not receiving what I was and am still entitled to despite their discrimination, harassment, hostility and denial.

Additionally, even the Social Security Administration has deemed me ( via numerous medical criteria/validation ) to be classified as disabled retroactive to October 2007.

I clearly understand and appreciate that your offices are overwhelmed with charges and that your particular office has experienced even additional challenges, but given the obvious and straightforward discrimination, etc. in my case, I respectfully request that you review the facts and reconsider my charges further at your earliest possible convenience.

Sincerely,
Dennis Scarinci