UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDN
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/1/13

—————————————————————————x

DENNIS SCARINCI,

    Plaintiff,

    -against-                     13 Civ. 1236 (CM)

RELATED COMPANIES et al.,

    Defendants.

—————————————————————————x

## DECISION AND ORDER DISMISSING COMPLAINT

McMahon, J.:

On October 5, 2007, Dennis Scarinci left his employment with Related Management Company L.P. He had worked for Related from February 1990; originally hired as an Assistant Regional Vice President, he was a Regional Vice President when his employment ended.

Plaintiff was fired; of that there is no doubt. He believes that he was fired because he had developed cancer and was perceived to be disabled. Nonetheless, plaintiff signed a separation agreement, in which he explicitly released Related from any claims relating to his employment – including specifically claims under Title VII, the Americans with Disabilities Act, the Age Discrimination in Employment Act, or all analogous state or local laws. In exchange for the release, plaintiff received a lump sum severance payment in the amount of $50,789.27, plus a pro-rated bonus of $17,466 for 2007 and an adjustment of $6,550 to his 2006 bonus. These payments – which the agreement indicates were made "as per your request" – were not due and owing unless plaintiff returned all Related documents and property.

The separation agreement contained all necessary recitals to render it compliant with the Older Workers' Benefit Protection Act (OWBPA) – plaintiff agreed that he had been afforded at least 21 days to review the agreement, had been advised to consult with an attorney, and that he had 7 days after execution to rescind his agreement.

Plaintiff signed the agreement on October 16, 2007; according to Related, he received and accepted all the benefits provided for thereunder. Plaintiff does not deny that he received these payments.

Over four and a half years after his employment ended, on July 26, 2012, Scarinci filed a charge of discrimination with the EEOC. Finding the charge to be untimely, the Commission mailed plaintiff a right-to-sue letter on October 24, 2012. On November 23, 2012, Scarinci filed

Copies mailed /faxed/handed to counsel on 10 / 1 / 13

the instant Complaint, alleging discrimination, harassment and retaliation, among other things, relating to his employment.

At a conference on September 27, 2013, Mr. Scarinci made clear that his claim in this lawsuit is that Related has failed to comply with the terms of the separation agreement in the years following the termination of his employment. (See attached transcript of proceedings held September 27, 2013.

Defendants have moved to dismiss the complaint that is presently before the court. The motion must, obviously, be granted, since this action is barred by law and by statute of limitations – and, to the extent the claim in suit arises under ERISA, it is brought against the wrong party.

Plaintiff is in federal court because he has alleged violations of federal laws prohibiting discrimination in employment. But Plaintiff failed to exhaust his administrative remedies within 300 days of the last adverse action taken in connection with his employment – which was his termination, occurring at the latest on or about October 5, 2007. (Plaintiff was told that he was being fired some time earlier, as he received a draft of the separation agreement in September 2007, and the date of the adverse action was actually the date he first became aware that he was being fired). All of plaintiff's federal claims require exhaustion. *See* 42 U.S.C. § 2000e-5(e)(1) (Title VII); 29 U.S.C. § 626(d) (ADEA); 42 U.S.C. § 12117 (incorporating procedures from Title VII into claims of employment discrimination under ADA).

Additionally, to the extent that plaintiff purports to state a claim under either the New York State or the New York City[1] Human Rights Law, those claims are also time-barred, as they had to be filed within three years from the date of the last discriminatory act – again, his termination.

I do not need to discuss the release signed by plaintiff, which specifically released all employment-related claims, under whatever statute asserted. Plaintiff does not deny that he received the payments to which he was entitled under the separation agreement.

What seemed clear at the case conference is that plaintiff's actual claim is a claim for breach of contract. Any such claim necessarily accrued after the separation agreement became effective, so it would not be barred by the release contained in the separation agreement. However, with one exception, any breach of contract claim plaintiff could assert as a result of Related's failure to live up to the separation agreement arises under state (common) law. As complete diversity is lacking among the parties – Related is a corporate citizen of New York, and plaintiff resides is Rockland County, New York – such a claim can only be brought in the New York State Supreme Court.

Plaintiff's belief that Related breached its obligations under the separation agreement that ended his employment for discriminatory reasons does not give rise to a claim under

---

[1] It is not clear that plaintiff could raise any claim under NYCHRL, as he worked in Westchester County and to the north. However, it is not an issue I need to address.

employment discrimination statutes. Claims under the law barring discrimination in employment depend for their force on the existence of an employment relationship. It is undisputed that the employment relationship between plaintiff and Related ceased in October of 2007. Anything that happened after that relationship ended cannot be redressed with resort to Title VII, ADEA, the ADA, or their state and local counterparts. Put otherwise, the reason for the purported breach of the separation agreement does not alter the nature of plaintiff's claim, which is for breach of contract. The statute of limitations on any claim against a party to the separation agreement for breach of that agreement is six years.

I am guessing, though it is not entirely clear, that plaintiff's real grievance is his failure to obtain long term disability benefits, for which he holds Related and certain of its employees responsible. If I am correct, then plaintiff is alleging, not a common law breach of contract claim against the contraparty to the separation agreement, but a violation of ERISA. This court would have subject matter jurisdiction over such a claim, since it arises under federal law; plaintiff would not need to bring that claim in the Supreme Court of the State of New York.

However, a claim for denial of benefits can only be brought against an ERISA Plan Administrator, not against his former employer – *In re Citigroup ERISA Litigation*, 662 F. 3d 128, 144 (2d Cir. 2011). The administrator of Related's Long Term Disability Plan is not Related, or any of the individual defendants, but Aetna Life Insurance Company. (Almon Dec. Ex. A, p. 9). So the only proper defendant on a claim alleging that plaintiff was wrongfully denied long-term disability would be Aetna.

Of course, the odds are overwhelming that any claim arising under ERISA is itself time-barred, either by law or by the terms of the relevant ERISA plan. For now, however, all that needs to be noted is that none of the named defendants is the Plan Administrator of Related's long term disability plan, so no claim for denial of benefits lies against any of them. I note that no state law claim arises under any state or city statute, and no breach of contract claim relating to denial of benefits is cognizable -- Congress having preempted the field via ERISA.

The complaint in this case is dismissed with prejudice, and without costs.

I decline to award attorneys' fees to the prevailing defendant.

Dated: October 1, 2013

U.S.D.J.